I. N. CHUTE v. FAIRMONT FUEL, ICE, DRAY & STORAGE COMPANY.[1]

December 6, 1929.

No. 27,614.

Leo J. Seifert, for appellant.
E. H. Nicholas, for respondent.

PER CURIAM.

Defendant rented a farm from plaintiff for a term of five years and occupied it for the full term. It is conceded that the lease permitted defendant to remove any improvements which it placed on the farm and did not require plaintiff to pay for any such improvements. There were no buildings on the farm. Defendant dug a well from which the water was drawn by means of an iron pipe and pump. It also erected a windmill and furnished the material for and constructed a quantity of fencing. At or near the end of the term plaintiff and defendant made a verbal agreement whereby defendant was to leave the improvements on the farm and was to have credit on the rent for the cost of the windmill and fencing. Both parties agree thus far. Defendant claims that plaintiff agreed to allow the cost of the well also. Plaintiff denies any such agreement.

Plaintiff brought suit for the balance due for rent. The amount due therefor is conceded. Defendant asserted that the cost of the windmill, the fencing and the well should be credited thereon. The court credited thereon the cost of the windmill and fencing and the cost of the iron pipe installed in the well. The only question involved in this appeal is whether defendant is also entitled to credit for the cost of digging the well. Defendant concedes that under the evidence the court could have refused to allow anything on account of the well but insists that if any allowance was made therefor the entire cost of the well should have been allowed. The court allowed defendant for everything which defendant could have removed from the farm, and we cannot say that the court erred to defendant's prejudice in holding that such was the intention of the parties.

The order denying a new trial is affirmed.

[1]Reported in 227 N. W. 856.